MALLIN, APPELLEE, *v.*
MALLIN, APPELLANT.

54

*Zashin, Rich, Sutula & Monastra Co., L.P.A.,* and *John D. Sutula,* for appellee.

*Christopher J. Mallin, pro se.*

(No. 53726 — Decided May 9, 1988.)

DYKE, J.  On November 3, 1986, plaintiff-appellee Debra A. Mallin filed a divorce action against defendant-appellant Christopher J. Mallin. At the time of the filing plaintiff petitioned the court to issue a temporary restraining order against defendant. The court issued the *ex parte* restraining order. Plaintiff represented to the court that her husband, the defendant, had been absent from the home for thirty days. On November 7, 1986, the defendant filed a motion to dissolve the temporary restraining order. On November 20 and 21, 1986, an evidentiary hearing was held before a referee of the domestic relations division on plaintiff's motion for protective order. Included in the hearing were several other motions filed by both parties, to wit: plaintiff's motion to show cause, defendant's motion to dissolve the temporary restraining order and defendant's motion for temporary custody of the parties' three minor children.

The referee recommended that plaintiff's motion to show cause and defendant's motion for temporary custody be denied. She also found that defendant had not been absent from the home as plaintiff had suggested and that the *ex parte* order on defendant should not have been issued. However, the referee did find that defendant had recklessly caused injury to the plaintiff and recommended that defendant be ordered to vacate the marital residence and remain out until further order of the court or a period of one year, whichever is sooner. Objections were filed to the referee's report. After independent review of the referee's report, the trial court overruled plaintiff's objections and adopted the recommendation of the referee.

Defendant appeals the trial court's ruling on plaintiff's motion for a protective order which ordered him to evacuate the marital premises. Defendant assigns six errors for review.

I

In his first assignment of error, defendant argues that the referee should have heard the plaintiff's motion for protective order independently of the other motions.

The record indicates that defendant made no timely complaint during the hearing about that of which he complains in his first assignment of error. A party's failure to object to the receipt or use of evidence usually waives any later challenge. See Evid. R. 103(A)(1); *State* v. *Draggo* (1981), 65 Ohio St. 2d 88, 19 O.O. 3d 294, 418 N.E. 2d 1343. The contemporaneous objection rule is a fundamental principle which appellate courts cannot easily disregard. *Mahone* v. *Sternweiler* (Oct. 1, 1987), Cuyahoga App. No. 52810, unreported.

"An appellate court will not consider any error which a party complaining of a trial court's judgment could have called to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *Mahone, supra,* citing *LeFort* v. *Century 21-Maitland Realty Co.* (1987), 32 Ohio St. 3d 121, 512 N.E. 2d 640, *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 70 O.O. 2d 123, 322 N.E. 2d 629, and *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364.

"A timely objection also permits the adverse party to take corrective ac-

tion which would eliminate any basis for complaint. Further, if the courts did not require timely objections, the complaining party could deliberately accept evidence, and then complain later whenever the ultimate result proves unsatisfactory." *Mahone, supra,* at 4.

The defendant's assignment of error does not constitute plain error which would justify a reversal absent a timely objection. Defendant's first assignment of error is overruled.

## II

Defendant states in his second assignment of error that he was not afforded an opportunity to testify on direct examination as to the events of November 4 and 5, 1986, which provided the basis for plaintiff's motion for a protective order.

Defendant objected to the referee's report but did not provide the trial court with a transcript of the hearing or other evidentiary materials to contest the referee's findings. The trial court therefore properly adopted the referee's findings. Civ. R. 53(E)(6); *Purpura* v. *Purpura* (1986), 33 Ohio App. 3d 237, 515 N.E. 2d 27.

The referee in the present case allowed defendant, who represented himself at the hearing, to relate in narrative form his version of what occurred on November 4 and 5, 1986. The record clearly reveals that defendant was afforded a practically uninterrupted opportunity to relay his testimony. It is clear from that testimony that he denied ever harming plaintiff.

Defendant's allegation that he was not permitted to present his direct testimony in his defense is completely

unsupported by the record. His assignment of error is not well-taken.

## III

\* \* \*[1]

## IV

In his fifth assignment of error, defendant argues that part of the order issued by the trial court which granted plaintiff's motion for protective order was not statutorily authorized.[2]

The trial court, upon accepting the referee's recommendation that plaintiff's motion for protective order be granted, issued the following ruling:

"Plaintiff's Motion for Protective Order (#107385) is hereby granted. Defendant is hereby ordered to vacate the marital residence and remain out of said residence until further order of Court or a period of one year, whichever is sooner. Defendant shall be permitted on the property located at 5439 Fenlake, Bedford Heights, Ohio only for purposes of picking up and returning the minor children for periods of visitation, *and shall, under no circumstances, enter the marital residence.*

"\* \* \*" (Emphasis added.)

Former R.C. 3113.31(E)(1)(b) granted authority to the trial court to issue a protective order. It states in part:

"(E)(1) After an ex parte hearing or full hearing, the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members. The order or agreement may:

"\* \* \*

"(b) Grant possession of the residence or household to the petitioner or

---

[1] The text of the opinion as it appears herein was abridged by Judge Dyke.

[2] The parties did not raise the issue of the trial court's jurisdiction to rule under R.C. 3113.31; therefore, we will not address it. See App. R. 12(A).

other family or household member, *to the exclusion of the respondent, by evicting the respondent * * *."* (See 140 Ohio Laws, Part I, 1985, 2020.)

Defendant agrees that the trial court had the authority to order him to vacate the marital residence. Defendant argues, however, that absent a finding of a prior protection order having been issued, the trial court did not have the authority to add to its order that defendant, "under no circumstances, enter the marital residence."[3]

Former R.C. 3113.31(E), upon which defendant relies, stated in part:

"(2) *If a protection order has been issued pursuant to this section in a prior action* involving the respondent and the petitioner * * *, *the court may include in a protection order that it issues a prohibition against the respondent returning to the residence or household * * *."* (Emphasis added.) (See 140 Ohio Laws, Part I, 1985, 2021.)

R.C. 3113.31(E)(1)(b) grants the trial court authority to enter an eviction order without the necessity of a prior protection order. This is the situation in the present case.

R.C. 3113.31(E)(2) allows the trial court to enter a greater sanction than was issued in a previous order. We do not agree with defendant's interpretation that only if a prior protection order has been granted may the court order him not to enter the marital residence. We believe the more reasonable interpretation of this statute to be that a court may increase a prior, less restrictive order by ordering the respondent not to return to the marital residence; in effect, this increases a prior order to complete eviction. The court can, under this provision, amend its prior protection order by allowing for a greater sanction than was issued in the previous order.

As stated earlier, under R.C. 3113.31(E)(1)(b), the court in the initial proceeding can order the respondent evicted. The purpose of an eviction in domestic violence cases is to remove the offender from the victims. Under defendant's interpretation, absent a prior protection order the court may evict him, but he still may return to the premises at any time. We do not believe this is what the statute intended.

The only way to give R.C. 3113.31(E)(1)(b) its full force and effect is to hold that in an initial proceeding the respondent may be ordered not to return to the marital premises. This language used by the court in the present case simply gives effect and definition to the eviction.

Defendant's fifth assignment of error is without merit.

## V

* * *[4]

The full court's entry ordering the defendant evicted and not to return to the marital residence is affirmed.

*Judgment affirmed.*

MARKUS and MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment.

---

[3] The record indicates that no protection order had been issued in a prior action.

[4] See fn. 1, *supra.*