DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. That court granted the parties, appellant/cross-appellee, Jeffrey D. Wingate, ("appellant") and appellee/cross-appellant, Sherry L. Wingate, ("appellee") a divorce; ordered a division of the marital assets and liabilities; designated appellee as the residential parent and legal custodian of the parties' three minor children; and awarded child support. The court, following significant pretrial activity and a two day trial, executed a thirty-six page narrative "Decision" addressing all of the contested issues between the parties with extensive narrative findings of fact and conclusions of law, followed by a fourteen page "Final Decree of Divorce." For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
Appellant sets forth the following six assignments of error:
 "1. The Trial Court Abused Its Discretion in Designating Plaintiff as the Residential Parent and Legal Custodian of the Parties' Minor Children.
 "2. The Trial Court Abused Its Discretion in Awarding Attorney Fees to Plaintiff.
 "3. The Trial Court Abused Its Discretion in Granting a Deviation in Child Support of Only Ten Percent When There Was a Finding that the Defendant Would Have the Children Forty-two Percent of the Time.
 "4. The Trial Court Abused Its Discretion in Not Awarding the Defendant the Parties' Three Minor Children as Exemptions for Tax Purposes.
 "5. The Trial Court Abused Its Discretion in Including in the Computation of Child Support a Credit to Plaintiff for Child Care Expenses When There Was No Testimony Offered As to the Amount of Child Care Expenses.
 "6. The Trial Court Abused Its Discretion in Finding that There Was a Defacto Separation of Personal Property and That Said Separation Provided Each Party with Assets of Equal Value."
In her cross-appeal, appellee posits two assignments of error:
 "CROSS-APPELLANT'S ASSIGNMENT OF ERROR NUMBER ONE "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF CROSS-APPELLANT SHERRY WINGATE WHEN IT INCORRECTLY DETERMINED THE PRE-MARITAL VALUE OF THE 401(k) AND FURTHER FAILED TO VALUE THE MARITAL PORTION OF THE 401(k) AS OF JUNE 30, 1997.
 "CROSS-APPELLANT'S ASSIGNMENT OF ERROR NUMBER TWO "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF CROSS-APPELLANT SHERRY WINGATE WHEN IT REJECTED THE APPLICATION OF A DISCOUNT TO HER MINORITY INTEREST IN THE CLOSELY HELD BUSINESS IN THE VALUATION OF HER INTEREST."
Appellant, in his six assignments of error, and appellee, in her two cross-assignments of error, argue that the trial court abused its discretion. As stated by the Ohio Supreme Court in Booth v. Booth
(1989), 44 Ohio St.3d 142, 144:
 "In general, when reviewing the propriety of a trial court's determination in a domestic relations case, this court has always applied the `abuse of discretion' standard. This has been true in cases reviewing an order relating to alimony, see Blakemore v. Blakemore (1983), 5 Ohio St.3d 217; a division of the marital property, see Martin v. Martin
(1985), 18 Ohio St.3d 292; or a custody proceeding, see Miller v. Miller (1988), 37 Ohio St.3d 71. Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, see Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. * * * (Parallel cites omitted.)"
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. (Citations omitted). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1, 57 Ohio St.3d 135, 137-138.
 I.
In his first assignment of error, appellant argues that the trial court abused its discretion in designating appellee as the residential parent and legal custodian of the parties' minor children. This court finds no merit in this assignment of error.
It is manifest from an examination of the decision that the trial judge considered all of the provisions of R.C. 3109.04 in rejecting the request of the father for a designation of shared parenting. Here, the trial court executed seven pages of findings directly responsive to the statute and concluded that the executed judgment was in compliance and in the best interests of the children, Alexis (born September 3, 1988); Steven (born August 6, 1991); and Erica (born July 5, 1994). The conclusion of law in this regard is well and abundantly supported by the found facts, and the found facts are in no way inconsistent with, or unsupported by, the evidence.
It would serve no useful purpose to regurgitate the evidentiary grounds that support the conclusion of the trial court. Courts have discretion in matters of child custody in accord with the elements, standards and factors of R.C. 3109.04, which focus on the best interests of the child. The trial court did not abuse its discretion in this regard. The ruling is neither unreasonable, arbitrary, nor unconscionable. See Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609, and cases cited.
Accordingly, appellant's first assignment of error is found not well-taken.
 II.
In his second assignment of error, appellant argues that the trial court abused its discretion in awarding appellee attorney fees in the amount of $7,160. This court finds no merit in this assignment of error.
The determination to assess attorney fees is left to the sound discretion of the trial court, consistent with the provisions of R.C.3105.18(H). Layne v. Layne (1992), 83 Ohio App.3d 559, 568. The award may only be vacated upon a finding that the award is either contrary to law or against the manifest weight of the evidence and constituted an abuse of discretion. Swanson v. Swanson (1976), 48 Ohio App.2d 85.
Appellant argues that the trial court acknowledged that appellee could pay her own attorneys fees, which are her primary responsibility, from her share of an equal division of real estate sale proceeds of $139,000. Appellant cites Farley v. Farley (1994), 97 Ohio App.3d 351, for the proposition that the payment of attorney fees is primarily the responsibility of the person who retained the attorney.
Here, the court found that the behavior of the husband during the proceedings, vis-a-vis his insistence on pursuing shared parenting, even after both the court counselor and the guardian ad litem recommended that shared parenting would not be in the best interests of the children, justified an assessment of $7,160. The court informs us that this award is twenty percent of the fees and costs. In this the trial court did not abuse its discretion.
Accordingly, appellant's second assignment of error is found not well-taken.
 III.
In his third assignment of error, appellant argues that the trial court's deviation in an award of child support of ten percent in his favor constituted an abuse of discretion when, by the liberal visitation granted, he would have the children forty-two percent of the time. This court finds no merit in this assignment of error.
Although the Ohio legislature has established child support guidelines, R.C. 3113.215, it allows for a deviation from the purely mathematical computation where the strict adherence thereto would be unjust or inappropriate and would not be in the best interests of the children. R.C. 3113.215(B)(1). Extended times of visitation is one justification for deviation. R.C. 3113.215(B)(3)(d).
The trial court meticulously identified the reasons and rationale for reducing the established amount of child support and giving the father the benefit of a reduction. This court cannot say that the trial court abused its discretion in so ordering. Absent an abuse of discretion, a trial court's determination of a parent's child support obligation will not be disturbed on appeal. Booth v. Booth (1989), 44 Ohio St.3d 142,144.
Accordingly, appellant's third assignment of error is found not well-taken.
 IV.
In his fourth assignment of error, appellant argues that giving the dependency exemption to the custodial wife as to two of the children while giving the exemption to him as to one, when income was substantially equal, was an abuse of discretion. Appellant claims that the total tax liability would be reduced if he claimed all the children and his wife filed as head of household. This court finds no merit in this assignment of error.
This court concludes that the trial court properly exercised the discretion invested in it by the statute. See Stafford v. Stafford
(Feb. 4, 1994), Lucas App. No. L-93-026, unreported.
Accordingly, appellant's fourth assignment of error is found not well-taken.
 V.
In his fifth assignment of error, appellant challenges the inclusion of $6,250 as an expense of child care in allocating the child support between the parties.[1] Appellant argues that the figure was divined from an unchallenged inclusion on the wife's filed child support worksheet, exhibit No. 62, and is unsupported by any other evidence. This court finds no merit in this assignment of error.
Appellant did not object to the admission of exhibit No. 62. A party's failure to object to the receipt or use of evidence usually waives any later challenge. Evid.R. 103(A)(1). "The contemporaneous objection rule is a fundamental principle which appellate courts cannot easily disregard." Mallin v. Mallin (1988), 44 Ohio App.3d 53, 54. As theMallin court noted:
 "`An appellate court will not consider any error which a party complaining of a trial court's judgment could have called to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' (Citations omitted.)
 "`A timely objection also permits the adverse party to take corrective action which would eliminate any basis for complaint. Further, if the courts did not require timely objections, the complaining party could deliberately accept evidence, and then complain later whenever the ultimate result proves unsatisfactory.' (Citation omitted.)" Id. at 54-55.
Having failed to object to the admission of exhibit No. 62, the exhibit was properly before the trial court. The conclusion of the trial court is within the parameters of the evidence and is clearly not an abuse of discretion.
Accordingly, appellant's fifth assignment of error is found not well-taken.
 VI.
In his sixth assignment of error, appellant argues that the trial court abused its discretion in regard to the division of personal property. This court finds no merit in this assignment of error.
The parties had divided physical possession of much personalty. The trial court found that the list supplied by the wife was reasonably valued, but that the list prepared by the husband of values of items in the wife's possession lacked credibility in that the values were grossly overstated. The trial court made a credibility call, believed the testimony of the wife, and found that the division of property was essentially equal in value. The trial court did not abuse its discretion in regard to the division of personal property.
Accordingly, appellant's sixth assignment of error is found not well-taken.
 Cross-Assignment I.
In her first cross-assignment of error, appellee argues that the trial court 1) abused its discretion in determining the premarital and marital value of the 401(k) pension and 2) abused its discretion in using June 30, 1997, as the valuation date. This court finds merit in the latter argument of this cross-assignment of error.
A trial court, in its discretion, may use a de facto termination date when such a date would be equitable. R.C. 3105.171(A)(2)(b); Berish v.Berish (1982), 69 Ohio St.2d 318, 321. Otherwise, it is presumed that the date of the final hearing is the appropriate termination date of the marriage. As such, a decision is discretionary and will not be reversed on appeal absent an abuse of discretion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In concluding that the trial court committed an abuse of discretion when a variety of dates for purposes of valuating and dividing the marital property were used and an equitable reason was not stated, the court in Landry v. Landry (1995), 105 Ohio App.3d 289, 292, stated:
 "* * * R.C. 3105.171(A)(2)(b), an exception to R.C. 3105.171
(A)(2)(a), provides that a trial court may, if equity requires, select dates other than the marriage date and final hearing date in determining marital property. R.C. 3105.171(G) requires the trial court to `make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."' In Moll v. Moll (June 17, 1993), Wyandot App. Nos. 16-92-27, and 16-92-30, unreported, this court concluded that `a party cannot pick and chose [sic] what dates to valuate certain items of marital property. Valuations of the marital property must be determined as to a specific date (i.e. date of permanent separation, de facto termination of the marriage or date of the final divorce hearing.)'"
In accord, Dabis v. Dabis (July 9, 1998), Mercer App. No. 10-97-17, unreported; Linn v. Linn (Apr. 22, 1998), Seneca App. No. 13-97-48, unreported; Lones v. Lones (Jan. 9, 1998), Washington App. No. 96 CA 34, unreported; and Miller v. Miller (May 24, 1996), Geauga App. No. 95-G-1942, unreported. See, also, Kramer v. Kramer (July 29, 1999), Cuyahoga App. No. 74166, unreported. ("The trial court is not required to use the same de facto termination date consistently in valuing the properties of the marital estate when the trial court has adequately explained its reasoning for deviating.")
In the case sub judice, the parties separated in April 1996. The trial occurred on October 28, 1997 and May 20, 1998. The trial court selected the date of trial for the valuation of all assets except for appellant's 401(k) account. For the valuation of appellant's 401(k) account, the trial court used the June 1997 account value.[2] The trial court stated the following in its decision as its reason for selecting the June valuation date for the 401(k) account:
 "* * * the valuation date of June 30, 1997 is used given the fact that the parties were separated between that period and the later reporting period [December 31, 1997] and [appellant] was no longer employed at Doral Steel * * *. (Emphasis added.)"
However, the trial court misstated the facts of this case as the parties separated in April 1996. Therefore, in the case sub judice, the trial court has not "adequately explained its reasoning for deviating" from the use of a consistent date in valuing the properties of the marital estate.
However, this court finds that the trial court did not abuse its discretion in its determination of the premarital and marital values of the 401(k). The trial court had before it exhibits documenting a premarital money purchase plan account of $1,922 and a premarital profit sharing plan account of $4,010. Appellant testified that these accounts were rolled over into the 401(k) plan. The trial court subtracted these premarital funds from the total of the 401(k) account to arrive at the marital portion of the 401(k) account. The trial court's decision is neither unreasonable, arbitrary, nor unconscionable, in the context of the entire proceedings.
Accordingly, appellee's first cross-assignment of error is found not well-taken, as to the determination of the premarital and marital values of the 401(k), and found well-taken, as to the use of June 30, 1997, as the valuation date of the 401(k) account.
 Cross-Assignment II.
In her second cross-assignment of error, appellee challenges the failure of the trial court to apply a forty percent discount to the value of her minority interest in the family-owned insurance agency. Appellee cites the rationale of James v. James (1995), 101 Ohio App.3d 668, andGest v. Gest (Apr. 29, 1998), Lorain App. No. 96CA006580, unreported, in support of this cross-assignment of error. This court finds no merit in this cross-assignment of error.
Each party presented expert testimony in regard to the valuation of appellee's one-third interest in the insurance business. In determining the value of appellee's one-third interest in the insurance business, the trial court applied a forty percent discount for lack of marketability but did not apply a forty percent discount for a minority interest.
Appellant argues that the court acted within its discretion in determining that the wife's expert evaluation of the one-third stock interest at $13,154, resulting from the use of a forty percent discount for lack of marketability and a forty percent discount for a minority interest, was inconsistent with the growth pattern of the business as well as the officer salaries in excess of $60,000. Appellant also argues that in determining the value of a marital asset, the trial court is not required to use any particular method of valuation, citing James v.James (1995), 101 Ohio App.3d 668.
As stated by the appellate court in James v. James,101 Ohio App.3d at 681:
 "The trial court enjoys broad discretion in determining the value of a marital asset; however, this discretion is not limitless. Our task on appeal is not to require the adoption of any particular method of valuation, but to determine whether, based on all the relevant facts and circumstances, the court abused its discretion in arriving at a value."
Additionally, in reviewing a trial court's valuation of a marital asset, this court should not substitute its judgment for that of the trial court when some competent and credible evidence exists to support the findings of fact and conclusions of law rendered. Gest v. Gest (Apr. 29, 1998), Lorain App. No. 96CA006580, unreported.
This court concludes that the findings of the trial court are within the arena of discretion appropriately invested in the trial court. That court had the advantage of listening to the witnesses, evaluating their credibility, observing bias, if any, and forming a conclusion based upon the totality of the evidence.[3] It is clear to us that this is precisely what the trial court did. The decision of the trial court to apply a discount for lack of marketability and not to apply a discount for minority interest is based upon the evidence. See, Footnote 3. Therefore, the decision of the trial court as to the valuation of the wife's one-third interest in the insurance agency was derived within its discretion.
Accordingly, appellee's second cross-assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. The judgment is affirmed except as to the valuation of appellant's 401(k) account as of June 30, 1997. The case is remended for proceedings consistent with this decision. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J.
 Mark L. Pietrykowski, P.J. CONCUR.
John R. Milligan, J., concurs in judgment and writes separately.
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] A credit of $960 was subtracted from $6,250 for a result of $5,290, which amount was used in the calculation of the child support obligation.
[2] Two statements for appellant's 401(k) account were submitted to the court: one dated June 30, 1997, with an account value of $163,586.37, and another dated December 30, 1997, with an account value of $178,270.78. The difference between the statements is almost $15,000.
[3] One exhibit submitted by the wife, an excerpt from Pratt, Valuing Small Businesses and Professional Practices (2 Ed. 1993) 604, Valuation Discounts, states:
 "Based on the survey, the application of minority and marketability discounts was influenced by the factors that might influence the discount. Given a situation where the interest being appraised (for divorce purposes) represented a minority interest in a company controlled by the spouse's family, 37 percent of the appraisers would apply a discount, 37 percent sometimes applied a discount, and 26 percent never applied a discount. On the other hand, given the same situation, 52 percent would always apply a marketability discount, while 34 percent sometimes applied a discount, and 14 percent would never consider a marketability discount."