This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Isaac Allen, appellant, appeals from the decision of the Wayne County Court of Common Pleas. We affirm.
 {¶ 2} On May 16, 2002, Mr. Allen was indicted for possession of drugs, in violation of R.C. 2925.11. On July 23, 2002, Mr. Allen filed a motion to suppress evidence discovered by police pursuant to an allegedly unlawful detention and search of his person. A suppression hearing was held, after which the trial court denied the motion to suppress. Mr. Allen changed his plea to no contest and the trial court found him guilty of the charges. He was sentenced accordingly. This appeal followed.
 {¶ 3} On March 12, 2003, this Court affirmed the trial court's decision because the record on appeal did not include a transcript of the proceedings necessary for the disposition of the matters at issue. SeeState v. Allen, 9th Dist. No. 02CA0059, 2003-Ohio-1129. Mr. Allen filed a motion for reconsideration. On April 2, 2003, this Court granted Mr. Allen's motion, vacated the prior decision, and reinstated the appeal.
 {¶ 4} Mr. Allen raises two assignments of error.
 First Assignment of Error "THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS."
 {¶ 5} In his first assignment of error, Mr. Allen asserts that the trial court erred in denying his motion to suppress. We disagree.
 {¶ 6} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. When reviewing a trial court's findings of fact, "an appellate court must give due weight to inferences drawn from those facts by the trial court because the trial court is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Yeager, 9th Dist. No. 21091, 21112, 21120,2003-Ohio-1808, at ¶ 5, citing State v. Hopfer (1996),112 Ohio App.3d 521, 548. Therefore, an appellate court reviews a trial court's findings of fact only for clear error. State v. Russell (1998),127 Ohio App.3d 414, 416. A trial court's legal conclusions, however, are reviewed de novo. Id. at 416.
 {¶ 7} There were two witnesses at the suppression hearing in this case. The first witness was Sergeant William Benton, an officer with the Wayne County Sheriff's Office. He responded to a complaint in the early morning hours of April 30, 2002, at the County Kitchen Restaurant located in Wayne County, Ohio. The nature of the complaint was that a patron refused to leave and refused to pay for his meal because his steak was too well done. When Sergeant Benton arrived at the County Kitchen he did not observe any disturbance. He asked the manager about the situation and if the subject was still on the premises. The manager said that the subject was yelling and screaming about his steak and pointed to a hallway where the telephones and restrooms were located.
 {¶ 8} Mr. Allen was the only person standing in the hallway. Sergeant Benton approached Mr. Allen and observed that his eyes were glassy and bloodshot and that there was a strong odor of alcohol. He also noted that Mr. Allen was pretending to talk to someone on the payphone. Sergeant Benton asked Mr. Allen for his name and social security number. Sergeant Benton testified that he would not have allowed Mr. Allen to leave the hallway prior to identifying him. Mr. Allen gave Sergeant Benton the name Michael Johnson and a social security number. Sergeant Benton requested the dispatcher to run the social security number to check for warrants. The dispatcher responded that the number was not on file, meaning that it did not exist. Sergeant Benton then requested Mr. Allen to hang up the phone and produce a form of identification. Sergeant Benton testified that Mr. Allen then hung up the phone and "began fishing in his pockets like he was searching for identification." As Mr. Allen was pulling some money from his pocket, a small plastic bag with a white substance in it fell to the floor.
 {¶ 9} Sergeant Benton suspected the bag contained cocaine. He retrieved the bag from the floor and told Mr. Allen to put his hands on the wall and move his feet back. Sergeant Benton proceeded to pat down Mr. Allen. He testified that "As I was running my hands down I saw in his pocket there was a larger clear plastic baggie containing more of the same that had fallen out on the floor." Sergeant Benton pulled the larger bag of cocaine out of Mr. Allen's pocket and then pulled out another bag containing marijuana that had been deeper inside the pocket. At that point, Sergeant Benton informed Mr. Allen that he was under arrest.
 {¶ 10} The other witness at the suppression hearing was Ronald Bohanner. Mr. Bohanner is a friend of Mr. Allen and the two were together the evening of April 29th and the early morning of April 30th. Mr. Bohanner testified that he and Mr. Allen had a few beers at a bar and then went to the County Kitchen Restaurant. While at the restaurant, the two ordered steaks. The steaks were burnt, so they told the waitress that "we're not going to pay for it until we can get something to eat." Mr. Bohanner thought the waitress was going to bring out new steaks because she went back to the kitchen. Mr. Bohanner testified that there was no yelling or screaming and that they were never asked to leave the restaurant.
 {¶ 11} When the police arrived, Mr. Bohanner testified that he was near the cash register and in view of the hallway to the restrooms. He saw the police walk up to the manager and saw the manager point to Mr. Allen. Mr. Bohanner testified that the police walked up to Mr. Allen, hung up the phone, and "just started going through his pockets." Mr. Bohanner further testified that on that evening Mr. Allen was wearing a tee-shirt that was not tucked in.
 {¶ 12} The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures by the government. State v. Riley (June 12, 2001), 4th Dist. No. 00CA044, citingDelaware v. Prouse (1979), 440 U.S. 648, 662, 59 L.Ed.2d 660. "One *** exception to the general prohibition against warrantless seizures is the investigative stop exception." Riley, citing Terry v. Ohio (1968),392 U.S. 1, 20 L.Ed.2d 889. If an officer observes specific and articulable facts that indicate an individual may be involved in criminal activity, the officer may conduct a warrantless, investigative stop.Terry, 392 U.S. at 21-22. The Ohio Supreme Court stated that "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94. The Court further stated that "[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be most reasonable in light of the facts known to the officer at the time." Id. at 296.
 {¶ 13} First, we must determine whether there was a seizure. A seizure occurs under the Fourth Amendment "whenever a police officer accosts an individual and restrains his freedom to walk away." Terry,392 U.S. at 16. Sergeant Benton testified that Mr. Allen was not free to leave until he had obtained Mr. Allen's name and social security number. However, "[a]n officer's subjective intent to detain a suspect is not controlling. Rather, the court must determine whether, under the circumstances, a reasonable person would feel free to leave." State v.Ramsey (Sept. 20, 1990), 10th Dist. Nos. 89AP-1298, 89AP-1299, citingUnited States v. Mendenhall (1980), 446 U.S. 544, 553. Certain factors, such as blocking the path of the suspect and the presence of multiple officers, indicate that a seizure has occurred. State v. Bennett (June 21, 2000), 4th Dist. No. 99 CA 2509, citing 4 LaFave, Search and Seizure (3 Ed. 1996) 102-04, Section 9.3(a). In the present case, Sergeant Benton and another officer blocked Mr. Allen's exit from the hallway. A reasonable person would not have felt free to leave.
 {¶ 14} We must next establish whether Sergeant Benton had reasonable suspicion, based on articulable facts, to conduct an investigative stop. We hold that he did. The following specific and articulable facts support this conclusion: (1) the police received a complaint that a patron refused to leave or pay; (2) the manager told Sergeant Benton that a patron was "yelling and screaming" about his food; and (3) the manager clearly identified Mr. Allen as that patron. Considering these facts, Sergeant Benton was justified in conducting an investigative stop. Because the initial stop was proper, the cocaine that fell out of Mr. Allen's pocket was not the "fruit of a poisonous tree."
 {¶ 15} The next issue is whether Sergeant Benton conducted a proper search of Mr. Allen. The facts of this case are similar to the facts in State v. Duncan, 9th Dist. No. 21155, 2003-Ohio-241. In Duncan, a crack pipe fell out of the suspect's pocket during a consensual encounter with police. We held that "`[w]here the police officer has probable cause to arrest independent of the items obtained in the search, but does not arrest until shortly after the search, the search is not offensive to the Fourth Amendment to the United States Constitution.'"Id. at ¶ 19, quoting State v. Bing (1999), 134 Ohio App.3d 444,447-448. In the present case, the bag of cocaine fell out of Mr. Allen's pocket during a valid investigative stop. Sergeant Benton immediately suspected that the bag contained cocaine and, therefore, had probable cause to search Mr. Allen, even though he did not place Mr. Allen under arrest until after the search.
 {¶ 16} Mr. Allen also argues that the trial court erred by finding that Mr. Bohanner's testimony was less credible than Sergeant Benton's testimony due, in part, to Mr. Bohanner's prior prison terms. Mr. Allen argues that this was error because Mr. Bohanner's prior prison terms were not admissible pursuant to Evid.R. 609(A). Mr. Allen, however, did not object to the evidence at trial. A party who fails to object to the use of evidence at the time at which alleged errors can still be remedied waives the right to address the alleged errors on appeal. State v. Moore
(Nov. 3, 1993), 9th Dist. No. 16227, citing Mallin v. Mallin (1988),44 Ohio App.3d 53, 54-55. Mr. Allen does not argue plain error on appeal; therefore, this Court will not address whether the admission of the evidence constituted plain error.
 {¶ 17} Based on the trial court's properly supported factual findings, we conclude that Sergeant Benton conducted a valid investigative stop, during the course of which, a bag of cocaine fell from Mr. Allen's pocket. This observation gave Sergeant Benton probable cause to arrest Mr. Allen, and the subsequent search of his pockets was a lawful search incident to his arrest. Accordingly, the trial court did not err in denying Mr. Allen's motion to suppress. The first assignment of error is overruled.
 Second Assignment of Error "THE DEFENDANT/APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION."
 {¶ 18} In his second assignment of error, Mr. Allen asserts that he was denied the effective assistance of trial counsel. Specifically, Mr. Allen asserts that his trial counsel was ineffective because he failed to call additional witnesses who were present when the incident occurred. We disagree.
 {¶ 19} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. McMann v. Richardson
(1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 20} In demonstrating prejudice, the defendant must prove a reasonable probability exists that, were it not for counsel's errors, the result or outcome would have been different. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus; also, State v. Adams
(Mar. 3, 1994), 8th Dist. Nos. 64759 74760.
 {¶ 21} In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. An attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 22} Debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. In Re Simon (June 13, 2001), 9th Dist. No. 00CA0072, citing State v. Clayton (1980), 62 Ohio St.2d 45,49. "[T]he decision to call, or not to call, a certain witness to the stand is subject to the strong presumption that the decision might be considered sound trial strategy." State v. Rudge (Dec. 20, 1996), 11th Dist. No. 95-P-0055; see, also, Adams. "[A]bsent a showing of prejudice, the failure to call witnesses will not be deemed erroneous." State v.Asbuary, 9th Dist. No. 01CA0061, 2002-Ohio-2655, at ¶ 22.
 {¶ 23} Notably, this Court will not second guess a tactical decision made by trial counsel. Moreover, Mr. Allen merely states that he was prejudiced, neither elaborating upon the evidence any witnesses would have offered nor explaining how counsel's failure to call these witnesses prejudiced him. Mr. Allen has merely provided this Court with a statement that other potential witnesses existed; such a statement fails to demonstrate how Mr. Allen was prejudiced by any failure of trial counsel to call these witnesses. Accordingly, we cannot say that Mr. Allen was denied the effective assistance of counsel. The second assignment of error is overruled.
 {¶ 24} Mr. Allen's assignments of error are overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
BAIRD, P.J. and WHITMORE, J. CONCUR.