DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Roche Girard has appealed from a decision of the Medina County Court of Common Pleas that convicted him of pandering obscenity involving a minor and possessing criminal tools. This Court affirms.
 I {¶ 2} On August 29, 2001, Appellant was indicted by the Medina County Grand Jury on one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5); and one count of possessing criminal tools, in violation of R.C. 2923.24(A). Appellant entered a plea of not guilty, and the matter proceeded to a jury trial. On May 30, 2002, Appellant was found guilty on each count as charged in the indictment. Appellant was sentenced to six months imprisonment on each count, to be served concurrently. The trial court thereafter found Appellant to be a sexually oriented offender.
 {¶ 3} Appellant has timely appealed, asserting two assignments of error. We have rearranged the assignments of error to facilitate review.
 II Assignment of Error Number Two
"Appellant's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence."
 {¶ 4} In Appellant's second assignment of error, he has argued that there was insufficient evidence presented at trial from which the jury could find him guilty of the crimes as charged. He has further contended that his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 5} As an initial matter, this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. Statev. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 22, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Manges, supra at ¶ 25. In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
"[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 6} Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the factfinder's resolution of the conflicting testimony. Id. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant.Otten, 33 Ohio App.3d at 340.
 {¶ 7} This Court is not required, however, to address Appellant's argument that there was insufficient evidence to submit the matter to the jury because we have previously held that a
"defendant who is tried before a jury and brings a Crim.R 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." Statev. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting Statev. Miley (1996), 114 Ohio App.3d 738, 742.
 {¶ 8} Appellant brought a Crim.R. 29 motion at the close of the state's evidence, however, he failed to renew the motion at the close of all the evidence. As such, we conclude that Appellant waived any objection under Crim.R. 29 to the sufficiency of the evidence. Accordingly, we must only determine whether Appellant's convictions were against the manifest weight of the evidence.
 {¶ 9} In the instant matter, Appellant was convicted of pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(5), which provides:
"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
"* * *
"(5) Buy, procure, possess, or control any obscene material, that has a minor as one of its participants[.]"
 {¶ 10} The state was required to prove each element of the offense beyond a reasonable doubt. See Jackson v. Virginia (1979), 443 U.S. 307,309, 99 S.Ct. 2781, 61 L.Ed.2d 560. Therefore, the state had the burden of proving beyond a reasonable doubt that Appellant: 1) knowingly, 2) possessed or controlled, 3) obscene material, 4) having a minor as a participant. Appellant has only challenged the jury's finding that the evidence at issue was obscene and that it involved minors. Appellant has contended that:
"[T]the stated failed to prove beyond a reasonable doubt that the persons depicted in State's Exhibit No. 7 and the 19 second clip on State's Exhibit[s] Nos. 1 and 2 were actual children, not virtual child pornography, that the persons depicted were minors and that the images depicted in said exhibits were obscene."
 {¶ 11} Appellant's arguments are directed at State's Exhibit 7[1]
and the nineteen second video clip contained on State's Exhibits 1 and 2 (Appellant's home computer and monitor). The video clip was entitled "Little girl displays her sweet young cunt to her sister. It's bedtime but who wants to sleep," and it shows two young girls laughing as they climb into bed; each child is partially clothed in a t-shirt and underwear. One of the girls is seen removing her underwear, and then helping the other girl remove hers. As the last child removes her underwear, she briefly exposes her genital area. State's Exhibit 7 is a still photograph that shows an older man kneeling down in front of a young girl, who appears to be between twelve and sixteen years of age. The man is seen removing the girl's underwear, exposing the girl's genital area.
 {¶ 12} The record indicates that the jury's decision was based on more than the nineteen second video clip and State's Exhibit 7. It appears that there were four specific pieces of evidence that the jury could consider when it determined whether Appellant was guilty of pandering obscenity involving a minor.[2] However, Appellant has failed to present any arguments with respect to the other two pieces of evidence upon which the jury relied.
 {¶ 13} Based on the trial court's jury instructions, the evidence not discussed by Appellant appears to have been another video clip entitled "16 year old-boyfriend having sex" and another still photograph or image contained somewhere on the hard drive of State's Exhibits 1 and 2. The trial court specifically informed the jury that it could consider these four pieces of evidence in deciding Appellant's guilt. After the jury began its deliberations, the jury foreman asked the trial court what evidence the jurors should consider in determining Appellant's guilt. The trial court instructed the jury that:
"There are three, the only one we are to consider regarding guilt, understand that there are four. I read three but the fourth is the clip, year olds, the clip of the nine year olds, the 16 year old, and then two stills. The fourth still that was on the computer."
 {¶ 14} The jury asked the trial court whether it "[c]ould have the exact title of icon involving 16 yr. old with boyfriend tape * * * and [i]s the * * * title and subsequent tape evidence in this case?" The trial court responded: "16 yr. old boyfriend having sex (home movie; mpeg; self extracting) insert xxx fuck porn sex fisting oral." The court informed the jury that the tape could be used as evidence against Appellant.
 {¶ 15} The testimony presented at trial also indicated that the jury could consider four pieces of evidence in determining Appellant's guilt with respect to the charge of pandering obscenity. At trial, Detective James Foracker, Michael Hatton, and F.B.I. Agent Elizabeth Trotman described the other evidence the trial court informed the jury it could consider in deciding Appellant's fate. Detective Foracker discussed three items of evidence: the nineteen second video clip containing the nine year old girls, State's Exhibit 7, and another video clip of a young girl (but he did not describe the content of this video clip). Michael Hatton referred to four items of evidence: the nineteen second video tape, a video clip he referred to as "16 year old and boy friends having sex,"[3] and he discussed at least two unidentified images depicting juveniles contained on State's Exhibits 1 and 2.
 {¶ 16} Agent Trotman gave her opinion on an unidentified "still image" apparently located on State's Exhibit 1 and 2, which showed what she believed to be a child even though the photo only showed the person from the "neck up." The still photograph (State's Exhibit 7) contained in the appellate record showed more than the head shot of a minor child; State's Exhibit 7 showed the entire body of a young girl. Thus, Agent Trotman was discussing another still photograph that this Court was unable to locate on State's Exhibit 1 and 2.
 {¶ 17} Additionally, during the state's closing argument, and when the state rebutted Appellant's Crim.R.29 motion, the state specifically referred to four pieces of evidence: 1) the nineteen second video clip of two nine year olds getting into bed; 2) the still photograph marked as State's Exhibit 7; 3) another "still image" contained on State's Exhibits 1 and 2, of "a girl with the glasses * * * about to perform oral sex on two males"; and 4) a video clip entitled "16 [year] old girl."[4]
 {¶ 18} After reviewing the entire record, it appears that the evidence the jury considered in determining Appellant's guilt consisted of: 1) a video clip entitled "16 yr old-boyfriend having sex,"[5] 2) the nineteen second video clip entitled "Little girl displays her sweet young cunt to her sister. It's bedtime but who wants to sleep," 3) an unidentified still photograph of a minor, and 4) State's Exhibit 7. As previously stated, Appellant has failed to present arguments with respect to the 16 year old and boyfriend video clip and the unidentified still photograph. But most importantly, this Court was unable to locate one of the two pieces of evidence ignored by Appellant, but which was thoroughly discussed by the state in its appellate brief.[6] That is, this Court was unable to find the unidentified still photograph referred to by Michael Hatton, Agent Trotman, and the trial court.
 {¶ 19} Although the record does not adequately describe the missing evidence, we believe that the jury did in fact rely upon the missing evidence when it determined Appellant's guilt. It is Appellant who has failed to direct this Court to the evidence upon which he relies. The consequences of Appellant's failure to provide a complete appellate record falls on him because "[i]t is Appellant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his assignments of error." City of Alliance v. Warfel (Nov. 19, 2001), 5th Dist. No. 2001 CA 134, 2001 Ohio App. LEXIS 5486, at *6; App.R. 9(B); see, also, Broida v.Broida (Jan. 24, 2001), 9th Dist. No. 19968, at 9; Bond Leather Co. v.Melvin Nadler Inc. (July 11, 1990), 1st Dist. No. C-890276, 1990 Ohio App. LEXIS 2805, at *3; State v. Tate (Aug. 23, 1990), 8th Dist. No. 57232, 1990 Ohio App. LEXIS 3667, at *7. Because Appellant failed to provide this Court with a complete appellate record, we must presume regularity in the proceedings. See Broida, supra, at 9; Tate,
1990 Ohio App. LEXIS 3667, at *7, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Therefore, even if we assume that the evidence contained in the appellate record (i.e., the video clip entitled "16 yr old-boyfriend having sex," the nineteen second video clip with the two young girls, and State's Exhibit 7) did not satisfy the elements of R.C.2907.321, this Court must presume that the missing evidence (i.e., an unidentified still photograph) depicted minors engaged in sexual conduct, and thereby satisfied the elements of R.C. 2907.321. Consequently, we cannot conclude that the jury lost its way when it convicted Appellant of pandering obscenity involving a minor.
 {¶ 20} Appellant has also argued that his conviction for possessing criminal tools, a violation of R.C. 2923.24(A), was against the manifest weight of the evidence. R.C. 2923.24(A) provides: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Because he has failed to provide this Court with all the evidence presented to the jury, this Court must presume regularity and also conclude that the jury did not lose when it convicted Appellant of possessing criminal tools.
 {¶ 21} Since Appellant has claimed that his convictions were against the manifest weight of the evidence and the evidence to support such a claim is missing from the record, this Court finds that it must affirm the trial court's decision. Cortell v. Koch (Dec. 19, 1986), 11th Dist. No. 1275, 1986 Ohio App. LEXIS 9392, at *12. (holding that "[w]hen evidence of assigned errors are missing from the record, a reviewing court has no choice but to affirm the lower court's decision").
 {¶ 22} Appellant's second assignment of error lacks merit.
 Assignment of Error Number One
"The trial court erred in permitting the introduction of evidence of other crimes, wrongs or acts pursuant to Evid.R. 404(b) and R.C. 2945.59."
 {¶ 23} In Appellant's first assignment of error, he has argued that the trial court erred when it permitted the state to introduce evidence of other wrong acts, in contravention of R.C. 2945.59 and Evid.R. 404(B). We disagree.
 {¶ 24} A trial court has broad discretion in the admission or exclusion of evidence, and this Court will not disturb a trial court's ruling on the admission of evidence absent an abuse of discretion and material prejudice to the defendant. State v. Hymore (1967),9 Ohio St.2d 122, 128, certiorari denied (1968), 390 U.S. 1024,88 S.Ct. 1409, 20 L.Ed.2d 281. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 25} In the instant matter, Appellant has argued that the trial court should not have admitted testimony regarding 1) a customer order form for the purchase of a computer, in which Appellant listed his two-year-old son as a credit reference; and 2) offensive emails Appellant allegedly sent to Detective James Foracker. Such evidence, Appellant has argued, is violative of Evid.R. 404(B). He has contended that Evid.R. 404(B) prohibits the admission of "other alleged acts of Appellant which had no relation or logical connection to the offenses for which Appellant was charged." Evid.R. 404(B) states, in pertinent part:
"(B) Other crimes, wrongs, or acts[.] Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Alterations added).
 {¶ 26} Appellant has further argued that the "[a]cts of an accused, which have no relation to or logical connection with and do not tend to disclose a motive or purpose for the commission of the offense for which the accused is on trial, are not admissible under R.C. 2945.59, the so-called similar acts statute." R.C. 2945.59 provides:
"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 27} The position taken by the state is that "[e]vidence of other crimes is admissible when evidence of the other crimes is so blended, or connected, with the crime on trial that the proof of one crime incidentally involves the other crime, explains the circumstances, or tends logically to prove any element of the crime charged." The state has further argued that because Appellant's only defense to the charges was that he was working for the F.B.I., and he therefore did not have the purpose to use the computer criminally, "Appellant's credibility became intertwined with the State's ability to prove the `specific intent' element of the crime."
 {¶ 28} We first note that defense counsel initially objected when the state asked Mr. Richard Black, an employee at Rent-Way in Medina, Ohio, on direct examination to name the persons Appellant listed as references on the customer order form; the objection was overruled.[7]
However, defense counsel did not object when the state asked Mr. Black, on re-direct, whether he was "aware that the person [Appellant] listed as his brother-in-law [on the customer order form] is really his son, his two year old son?" This Court has consistently held:
"In order to promote important concerns for judicial expediency and efficiency, a party, who fails to object to the receipt or use of evidence at the time at which alleged errors can still be remedied, waives the right to address the alleged errors on appeal." State v.Moore (Nov. 3, 1993), 9th Dist. No. 16227, at 8, citing Mallin v. Mallin
(1988), 44 Ohio App.3d 53, 54-55.
 {¶ 29} Because Appellant failed to object when the state questioned its witness about Appellant's use of his two-year old son as a credit reference, Appellant has waived that argument on appeal and this Court declines to address whether the trial court abused its discretion in admitting such evidence.
 {¶ 30} Appellant has next argued that the trial court erred when it admitted into evidence testimony concerning inflammatory emails that Appellant allegedly sent to Detective James Foracker. Even if we assume, for the sake of argument, that the trial court erred when it allowed into evidence Detective Foracker's testimony regarding the inflammatory emails, Appellant has not demonstrated such error was prejudicial. Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." A reviewing court, therefore, when determining whether an error in the admission of evidence is harmless, must find there is no reasonable probability that the evidence may have contributed to the defendant's conviction. State v. DeMarco (1987), 31 Ohio St.3d 191, 195; see, also,State v. Brown (1992), 65 Ohio St.3d 483, 485.
 {¶ 31} After examining the record, we cannot find that any error is prejudicial because the appellate record is incomplete as discussed in Appellant's second assignment of error. The missing evidence could, by itself, prove Appellant's guilt beyond a reasonable doubt and render Detective Foracker's testimony regarding the harassing emails inconsequential, and thus not prejudicial. Therefore, this Court cannot say that the trial court abused its discretion in admitting Detective Foracker's testimony. Consequently, Appellant's first assignment of error is not well taken.
 III {¶ 32} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
William R. Baird for the court, Baird, P.J., concurs.
[1] State's Exhibit 7, the still photograph of a young girl and a kneeling man, was also located on State's Exhibits 1 and 2.
[2] This Court notes that the actual computer and all of its contents (i.e., software, files, programs, etc.) were admitted into evidence as State's Exhibits 1 and 2. Although specific items of evidence were marked and admitted into evidence, without objection by the defense, because the actual computer was admitted into evidence this Court has no idea what the jury actually viewed during its deliberations. We find that theentire contents of the computer were evidentiary material the jury could use in determining Appellant's guilt or innocence. Moreover, the record indicates that the jury requested State's Exhibits 1 and 2 as it deliberated. A handwritten note from the jury foreman states: "We would like to have exhibits 1 and 2 so that we might view the nineteen second tape and have it put on a loop cycle."
[3] The correct title of the video clip referred to by Michael Hatton is "16 yr old-boyfriend having sex * * * incest xxx fuck porn sex fisting oral blow job pre-teen asian big tits boobs breast."
[4] During closing argument, the state reminded the jury that the evidence they could use to convict Appellant was "the clip, the two still images and whether the other video that you saw that was entitled 16 [year] old girl."
[5] When the video clip is opened in the Media Player software application it reads in full: "T-11450372 — 16 yr old-boyfriend having sex * * * incest xxx fuck porn sex fisting oral blow job pre-teen asian big tits boobs breast." However, the same video clip, when opened in the Real Player software application, is titled "T-11450372 — Girl Boyfriend having sex."
[6] It is not the job of this Court to locate the evidence presented at trial. In the interests of justice, however, this Court attempted to locate the missing still photograph on State's Exhibits 1 and 2. Our search was constrained by the fact that State's Exhibit 1 and 2 contained hundreds of thumbnail images and neither party made an effort to completely describe (e.g., content of the picture, the exact name of the icon or document, or file folder in which the items were located) or separately admit each piece of evidence. The video clip entitled "16 yr old-boyfriend having sex" depicted three men having anal, vaginal, and oral intercourse with a young woman that appeared to be between the age of sixteen and twenty-five years old.
[7] Although the trial court overruled defense counsel's objection, the state did not question Mr. Black about Appellant's use of his two-year old son as a credit reference. Questions concerning Appellant's two-year old son did not occur until the state commenced redirect examination of Mr. Black.