DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Ann Grunder, appeals the decision of the Medina County Court of Common Pleas denying her motions to suppress and dismiss and her conviction for trafficking in drugs. We affirm.
 {¶ 2} On April 1, 2004, the Medina County Grand Jury indicted Defendant on one count of trafficking in drugs in violation of R.C.2925.03(A)(1)(C)(4)(e). On May 17, 2004, Defendant filed a motion to suppress along with a motion to dismiss. The trial court denied her motion to dismiss on July 22, 2004. After a suppression hearing, the trial court denied Defendant's motion to suppress by journal entry on August 16, 2004. After a jury trial, on August 18, 2004, the jury returned a guilty verdict. Defendant was sentenced to a prison term of two years. Defendant appealed, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in denying Defendant's motion to dismiss, where it incorrectly concluded that the outrageous governmental conduct defense was part of the affirmative defense of entrapment and could not be maintained separately."
 {¶ 3} In her first assignment of error, Defendant maintains that the trial court erred in concluding that a defense of outrageous governmental conduct was part of the affirmative defense of entrapment and could not be maintained separately. She claims that the trial court based its decision on an incorrect conclusion of law, and thus erred in denying her motion to dismiss. We find that outrageous governmental conduct does not need to be raised along with entrapment, but we hold that the trial court did not err in denying Defendant's motion to dismiss.
 {¶ 4} We agree with Defendant that Ohio recognizes a claim of outrageous governmental conduct as a due process defense that presents a question of law for the trial court to decide. State v. Doran (June 6, 1984), 9th Dist. No. 1965, at 5-6. An entrapment defense raises factual issues for the jury to decide. Id., at 6. The Ohio Supreme Court held that "[i]n our view, a `due process' defense is analytically distinct from the defense of entrapment." State v. Doran (1983), 5 Ohio St.3d 187, note 4. Since the two defenses are analytically different, we find that outrageous governmental conduct may be raised as part of a due process claim, without also raising the affirmative defense of entrapment. See, also, State v. Cunningham, 56 Ohio App.3d 174, 2004-Ohio-1935.
 {¶ 5} Defendant has not alleged any due process violations regarding the commission of the crime with which she was charged. "[T]he Tenth Circuit has[s] identified two factors which form the underpinnings for most cases where the outrageous conduct defense has been upheld: (1) government creation of the crime, and (2) substantial coercion." Statev. Bolden, 2nd Dist. No. 19943, 2004-Ohio-2315, at ¶ 17. (Citations omitted.) Defendant has not alleged in her appellate brief or in the trial court below that the government created the crime or that she was coerced into participating. Defendant has taken issue with the manner in which the arrest warrant was served upon her. The claim of outrageous governmental conduct, however, involves possible due process violations with the crime itself, not the subsequent arrest.[1] Since Defendant did not bring a due process claim regarding the crime in the lower court, the issue is waived. "[A]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."State v. Williams (1977), 51 Ohio St.2d 112, 118. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying Defendant's motion to suppress, where her Miranda rights waiver and statements to police were not voluntary under the totality of the circumstances."
 {¶ 6} In her second assignment of error, Defendant argues that the trial court erred in denying her motion to suppress since, under the totality of the circumstances, she did not voluntarily waive her Miranda rights. We disagree.
 {¶ 7} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. An appellate court is to accept the trial court's findings of fact that are supported by credible evidence, as the trial court is in the best position to evaluate questions of fact, credibility, and weight of the evidence. State v. Miller (May 23, 2001), 9th Dist. No. 20227, at 5. However, we review the trial court's application of law to the factual findings de novo. State v. Russell
(1998), 127 Ohio App.3d 414, 416.
 {¶ 8} Under the Fifth Amendment to the United States Constitution, no person shall be compelled to be a witness against himself. Miranda v.Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, provides that, in order to protect a defendant's Fifth Amendment right against self-incrimination, statements resulting from custodial interrogations are admissible only after a showing that law enforcement officers have followed certain procedural safeguards. Miranda, 384 U.S. at 444. Prior to custodial interrogation, a defendant must be informed that he has the right to remain silent, any statement he makes may be used as evidence against him, and he has the right to the presence of an attorney. Id.
 {¶ 9} A defendant may waive his/her Miranda rights, provided that the waiver was made knowingly, voluntarily and intelligently. State v.Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 9. In determining whether a confession was voluntary, the court considers the totality of the circumstances, including the defendant's "age, mentality, and prior criminal experience * * * the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31, at paragraph two of the syllabus. A statement made after valid Miranda warnings is only involuntary if the evidence shows that the suspect's will was overcome due to coercive police conduct.State v. Dailey (1990), 53 Ohio St.3d 88, 91-92, citing Colorado v.Connelly (1986), 479 U.S. 157, 170, 93 L.Ed.2d 473.
 {¶ 10} Defendant claims that she did not voluntarily waive her Miranda rights because she was still shaken up from the manner in which she was arrested. We in no way condone the officers' behavior in allegedly forcing Defendant to stand naked in front of them for 10 to 20 minutes. However, we do not find that Defendant, after having been taken into custody, was forced or coerced in any way into waiving her Miranda rights. She was not threatened, abused, or mistreated. She was not deprived of food or water, or the opportunity to use the bathroom. No promises were made to her in exchange for her waiver. Defendant testified that after hearing her rights, she agreed to talk to the questioning officers. She stated that the questioning officer did not force her to talk to him or threaten her or make any promises.
 {¶ 11} We find that, under the totality of the circumstances, Defendant's waiver was voluntary. Defendant has not submitted any evidence showing that her waiver was obtained by coercive police conduct. In fact, Defendant testified that she voluntarily talked to the questioning officer. Thus, we overrule Defendant's second assignment of error.
 ASSIGNMENT OF ERROR III
"The evidence at trial was insufficient to support the jury verdict, and Defendant's trafficking in drugs conviction was against the manifest weight of the evidence."
 {¶ 12} In her third and final assignment of error, Defendant claims that the State of Ohio failed to establish venue in Medina County and thus, the jury's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 13} "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." State v. Headley (1983), 6 Ohio St.3d 475,477, citing State v. Draggo (1981), 65 Ohio St.2d 88, 90. The standard of proof is beyond a reasonable doubt, although "[v]enue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." State v. Hobbs (March 14, 1990), 9th Dist. No. 89CA004600, at 2, citing State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 14} R.C. 2901.12(A) provides that: "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Accordingly, the rule is that the trial should take place in the same jurisdiction where the offense occurred. Headley,6 Ohio St.3d at 477.
 {¶ 15} A final disposition of Defendant's assignment of error depends upon the determination of whether any element of the crime was committed within Medina County thereby making that county a proper location for the trial. Defendant was convicted of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(4)(e), which makes it a crime to knowingly sell or offer to sell a controlled substance; in this case crack cocaine. Therefore, in order for Medina County to have proper venue, the State must prove beyond a reasonable doubt that any element of the sale of drugs or the offer to sell the drugs occurred in Medina County.
 {¶ 16} The evidence presented established that Defendant and her boyfriend, Steven DePaolo, lived in Medina County. Danny Mason, DePaolo's friend and a police informant, discussed buying the drugs at DePaolo's home in Medina. DePaolo made the arrangements to buy the drugs while they were in Medina. DePaolo, Mason and Defendant entered a car in Medina to go and pick up the crack cocaine. Mason gave DePaolo the money to fund the drug purchase in Medina, and DePaolo in turn handed the money to Defendant while they were still in Medina. The evidence shows that a number of the elements of the crime occurred within Medina County. Thus, the venue requirements of R.C. 2901.12 for Medina County are satisfied.
 {¶ 17} Based on the above, we disagree with Defendant's proposition that "[b]ased on the evidence presented at trial, no rational trier of fact could have found that venue in Medina County was proven beyond a reasonable doubt." We overrule Defendant's third assignment of error.
 {¶ 18} Defendant's three assignments of error are overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. concurs.
[1] Defendant may seek other remedies to address her complaint regarding her arrest. See, for example, Title 42 U.S.C.A. § 1983.