DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven DePaolo, appeals from the Medina County Court of Common Pleas, which convicted him of trafficking in cocaine. We affirm.
 I. {¶ 2} Along with his friend, Danny Mason, and his girlfriend, Ann Grunder, Mr. DePaolo routinely engaged in the purchase and use of crack cocaine. However, in August 2003, Mr. Mason had a change of heart and approached the Medina County Drug Task Force with an offer to assist in the prosecution of Mr. DePaolo. Under the guidance of a Task Force agent, Mr. Mason was equipped with a recording device and provided with cash to purchase cocaine from Mr. DePaolo. Mr. Mason completed the purchase and provided the evidence on August 18-19, 2003, but the State did not seek indictment until April 2004.
 {¶ 3} Meanwhile, Mr. DePaolo had been convicted of an unrelated drug possession charge and by April 2004 was residing at his parents' home under house arrest, where he shared a bedroom with his girlfriend, Ann Grunder. On April 1, 2004, the grand jury indicted Mr. DePaolo for trafficking in cocaine in violation of R.C. 2925.03(A)(1) and2925.03(C)(4)(e), a second degree felony, and an arrest warrant was issued. There are serious accusations of police misconduct stemming from the execution of the warrant, but the undisputed outcome was that Mr. DePaolo and Ms. Grunder were taken into custody on the trafficking charges.
 {¶ 4} Mr. DePaolo pled not guilty, and subsequently moved the court to dismiss based on alleged outrageous government conduct at the time of his arrest. The court denied the motion and the case proceeded to trial. At the close of the evidence, the trial court denied Mr. DePaolo's request for a jury instruction on entrapment, whereupon Mr. DePaolo changed his plea to no contest. The court convicted him on the accepted facts and sentenced him accordingly. Mr. DePaolo timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"The trial court erroneously denied appellant's motion to dismiss, based on its mistaken legal conclusion that the outrageous government conduct defense is part of the entrapment defense and could not be maintained separately."
 {¶ 5} Mr. DePaolo alleges that the outrageous conduct by the police in executing the arrest warrant on April 13, 2004, violated due process and that the appropriate remedy was the dismissal of the charges from August 18-19, 2003. We disagree.
 {¶ 6} This Court recently considered an identical claim of error and concluded that it was without merit. State v. Grunder, 9th Dist. No. 04CA0071-M, 2005-Ohio-2145, at ¶ 3. As that claim was the companion case to this one, brought by Mr. DePaolo's codefendant, it was founded on the identical circumstances. Furthermore, that appeal was premised on the same legal argument. Because this Court has previously decided this case, we are bound to adhere to stare decisis.
 {¶ 7} Moreover, the facts alleged by Mr. DePaolo have not been preserved for the record and are not properly before this Court for review. We cannot review a matter when the facts upon which the review is predicated are not properly before us. State v. Girard, 9th Dist. No. 02CA0057-M, 2003-Ohio-7178, at ¶ 19. Mr. DePaolo's assignment of error is deemed without merit and is overruled.
 B. Second Assignment of Error
"The trial court erred by refusing to give a jury instruction sought by the defense on the affirmative defense of entrapment, where the evidence presented at trial warranted such and instruction."
 {¶ 8} Mr. DePaolo asserts that the evidence supports an entrapment defense, that the trial court erred by refusing to instruct the jury on this defense, and that his conviction should be reversed due to this error. We disagree.
 {¶ 9} When the trial court denied Mr. DePaolo's request for a jury instruction on entrapment, Mr. Paolo changed his plea to no contest and the court rendered judgment. "Since appellant entered a plea of no contest and waived his right to a jury trial, he has, for purposes of appellate review, waived any error that may have been associated with the trial court's rejection of his proposed jury instruction." State v.Riffle (Sept. 21, 2001), 4th Dist. No. 00CA543, at *5, 2001-Ohio-2605. Mr. DePaolo's claim of error has been waived, and is overruled.
 III. {¶ 10} Mr. DePaolo's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Concurs.
Carr, J. Concurs in judgment only